IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                           CRIMINAL ACTION NO.   3:15-00093

ANDRE ROBERT WOMBLE, II
    also known as "Martin Luther Real"
    also known as "Marty Real"

**MEMORANDUM OPINION AND ORDER**

      Pending is Defendant Andre Womble's ("Womble") Motion to Suppress Statements, ECF No. 30. The sole issue is whether Womble unambiguously invoked his Fifth Amendment right to remain silent when, after being informed he was under arrest and during interrogation, he said, "[i]f I am under arrest, take me to my bunk; all these questions, we can just skip them because I want to go to court."[1] For the reasons explained below, the Court holds that Womble's statement was an unambiguous invocation of his right to remain silent. Because detectives did not cease questioning after Womble invoked his right to remain silent, the Court GRANTS Womble's Motion to suppress his statements made after he invoked his right.

---

[1] The Government provides a transcript from the video-taped interrogation that includes a slightly different version of what Womble said. The Government's version goes as follows:

    Womble:    Man[,] am I under arrest[?] If I'm under arrest . . .
    Detective:    You're under arrest[.]
    Womble:    Alright[,] come on then[,] just take me to my bunk[.] [A]ll them questions[,] we can just skip them 'cause I need to[,] I'd rather just go to court[.]

Gov't's Resp. to Ct. Order Regarding Def's Mot. to Suppress Statements 1, Ex. 1, ECF No. 51-1. The Government concedes there is no material difference between the versions of Defendant's statement proffered by Defendant and the Government. Gov't's Resp. to Ct. Order Regarding Def's Mot. to Suppress Statements 1, ECF No. 51. As such, the analysis offered below using Defendant's version of his statement is also applicable to the Government's version of Defendant's statement.

### I. Legal Standard

The Supreme Court has held that if a suspect "indicates in any manner, at any time prior to or during questioning, that he [or she] wishes to remain silent, the interrogation must cease." *Miranda v. Arizona*, 384 U.S. 436, 473–74 (1966). But the Supreme Court has also "long held that a [suspect] who desires the protection of the privilege must claim it at the time he [or she] relies on it." *Salinas v. Texas*, 133 S. Ct. 2174, 2179 (2013) (quotations and citations omitted).

Furthermore, a suspect who wants to invoke his or her right to remain silent must do so unambiguously. *Berghuis v. Thompkins*, 560 U.S. 370, 381 (2010). In *Berghuis,* the defendant did not say that he wanted to remain silent or that he did not want to talk with the police. "Had he made either of these simple, unambiguous statements, he would have invoked his 'right to cut off questioning.'" *Berghuis*, 560 U.S. at 381 (citing *Michigan v. Mosley*, 423 U.S. 96, 103 (1975)). Thus, the Court held the defendant did not invoke his right to remain silent because he did not "say he wanted to remain silent" or that he "did not want to talk to police." *Id.*

When determining whether a suspect has invoked the right to remain silent, courts should also look to standards for invoking the Fifth Amendment right to counsel. *Berghuis*, 560 U.S. at 381.[2] In *Davis v. United States*, 512 U.S. 452 (1994), the Supreme Court held the determination of whether a suspect has invoked the Fifth Amendment right to counsel is an objective one. *See Davis,* 512 U.S. at 459. The question is whether the suspect "articulate[d] his [or her] desire to have counsel present sufficiently clearly that a reasonable police officer in the circumstances would understand the statement to be a request for an attorney." *Id.*

---

[2] The standards are interchangeable because, according to the *Berghuis* Court, there is no principled reason to adopt different standards for determining when an accused has invoked the right to remain silent and the Fifth Amendment right to counsel at issue in *Davis*. *Berghuis*, 560 U.S. at 381.

The Fourth Circuit has offered guidance on what constitutes unambiguous invocations of the Fifth Amendment right to counsel and the right to remain silent. In *United States v. Johnson*, 400 F.3d 187 (4th Cir. 2005), the Fourth Circuit ruled the defendant invoked his Fifth Amendment right to counsel when he responded "no" to the Government form's question, "[d]o you want to make a statement at this time without a lawyer?" *Johnson*, 400 F.3d at 195. *Johnson* also provides a useful discussion of statements sufficient to invoke the Fifth Amendment right to counsel.[3] Additionally, the Fourth Circuit has ruled, "I just don't think that I should say anything" and "I need somebody that I can talk to," constitute equivocal statements insufficient to invoke the right to remain silent. *Burket v. Angelone*, 208 F.3d 172, 200 (4th Cir. 2000).

---

[3] The Fourth Circuit in *United States v. Johnson* offered the following analysis:
> The defendants in *Davis*, and the cases relying on it, voiced mere equivocal requests for counsel, such as, "Maybe I should talk to a lawyer," (citation omitted); "I might want to talk to an attorney," *United States v. Zamora*, 222 F.3d 756, 765–66 (10th Cir. 2000); "I think I need a lawyer," *Burket v. Angelone*, 208 F.3d 172, 198 (4th Cir. 2000); "Do you think I need an attorney here?," *Mueller v. Angelone*, 181 F.3d 557, 573–74 (4th Cir. 1999); I "might want to get a lawyer then, huh?," *United States v. Posada–Rios*, 158 F.3d 832, 867 (5th Cir. 1998); "I think I want a lawyer," "Do you think I need a lawyer?," *Diaz v. Senkowski*, 76 F.3d 61, 63–65 (2d Cir. 1996); "I can't afford a lawyer but is there anyway [sic] I can get one," *Lord v. Duckworth*, 29 F.3d 1216, 1219–21 (7th Cir. 1994).
>
> In contrast, Johnson did not equivocate. Rather he unequivocally indicated in writing that he did not "want to make a statement at this time without a lawyer." This statement was more *un*equivocal than those statements that courts have found do trigger *Edwards*' bright-line rule. *See, e.g.*, *Smith*, 469 U.S. at 93, 99–100, (finding *Edwards* triggered where defendant responded to whether he understood that he had a right to counsel, "Uh, yeah. I'd like to do that."); *Abela v. Martin*, 380 F.3d 915, 919, 926–27 (6th Cir. 2004) (finding defendant invoked his right to counsel by stating, "[M]aybe I should speak with an attorney by the name of William Evans" and proffering Evans' business card); *Alvarez v. Gomez*, 185 F.3d 995, 998 (9th Cir. 1999) (finding defendant's three questions, "Can I get an attorney right now, man?," "You can have attorney right now?," and "Well, like right now you got one?" constituted "an unequivocal request for an attorney"); *Kyger v. Carlton*, 146 F.3d 374, 376, 379 (6th Cir.1998) (finding statement "I'd just as soon have an attorney [']cause, you know—ya'll say there's been a shooting involved and that's a serious charge" in response to "[W]ould you answer some of our questions, without an attorney present?" constituted an invocation of the right to counsel) (first alteration in original).

*Johnson*, 400 F.3d at 195.

The Seventh Circuit has held "statements indicating a certain and present desire to consult with counsel [are] sufficient to invoke a defendant's right to counsel." *United States v. Hunter*, 708 F.3d 938, 943 (7th Cir. 2013). Thus, under the Seventh Circuit's standard applied in the context of the right to remain silent, statements indicating a "certain and present desire" to cease questioning are sufficient to invoke the right to remain silent.

## II.     Discussion

In this case, Womble unambiguously and unequivocally invoked his Fifth Amendment right to remain silent when, after being informed he was under arrest and during interrogation, he said, "[i]f I am under arrest, take me to my bunk; all these questions, we can just skip them because I want to go to court." Ex. List from Pretrial Mot. Hr'g, Def. Ex. 3, ECF No. 50-5. Womble's statement was an unambiguous and unequivocal invocation of his right to remain silent for at least two reasons.

First, Womble did not use equivocal or ambiguous words, instead his statement indicated a certain and present desire to cease questioning. Womble did not use the words "should," "might," or "maybe," words which create ambiguity and indicate equivocation about whether one desires to invoke the right to remain silent. *See Johnson*, 400 F.3d at 195; *Hunter*, 708 F.3d at 943. He did not say "I think" we can skip these questions. *See Burket*, 208 F.3d at 200. Rather, Womble said "all these questions, we can just skip them because I want to go to court." Womble's statement is unequivocal and unambiguous—he did not want to talk to police, *Berghuis*, 560 U.S. at 381; *Johnson*, 400 F.3d at 195, and he had a certain and present desire to cease questioning and go to his bunk, *see Hunter*, 708 F.3d at 943 (Seventh Circuit ruling statements indicating a "certain and present desire" to consult with counsel are sufficient to invoke a defendant's right to counsel).

Second, a reasonable officer under the circumstances would have understood both parts of Womble's statement to mean that he wished to halt questioning. Judging from the video this Court viewed during the pre-trial motions hearing on November 16, 2015, Womble's statement was not interrogatory. Ex. List from Pretrial Mot. Hr'g, Gov't Ex. 2, ECF No. 50-4. Instead, the first part of his statement was a directive within the consequent of a conditional that had a true antecedent: "If I am under arrest," an antecedent the truth of which was known both to Womble and the detectives, "take me to my bunk," a directive. The next part of Womble's statement, "all these questions, we can just skip them because I want to go to court," was declarative, informing detectives of Womble's intent to go to court in light of his being under arrest. A reasonable officer under the circumstances could only understand these statements to mean: Because I am under arrest, I do not wish to speak to you, I wish to sit in my bunk and await my trial. In saying these things, Womble did not hedge, hem, or haw with the detectives about his intent to invoke his right to remain silent; he told the detectives he wanted to go to his bunk and await a court appearance. That Womble did not want to talk to police is necessarily derived from what Womble said to the detectives. The detectives in this case should have understood Womble's statement as an indication that he desired to cease questioning. *See Davis,* 512 U.S. at 459; *Johnson*, 400 F.3d at 195;

For the two previously stated reasons, the Court holds Womble unambiguously and unequivocally invoked his right to remain silent when he said, "[i]f I am under arrest, take me to my bunk; all these questions, we can just skip them because I want to go to court." After Womble's invocation of the right, detectives did not scrupulously honor Womble's right to cut off questioning, *see Michigan v. Mosley*, 423 U.S. 96, 104 (1975), instead they continued the interrogation and were able to gain incriminating statements. As such, Womble's statements made

after he invoked his right to remain silent are inadmissible under the rule from *Miranda*. *Miranda*, 384 U.S. at 479.

### III. Conclusion

Based on the above analysis, the Court **GRANTS** Womble's Motion to Suppress Statements, ECF No. 30.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: November 18, 2015

_____
ROBERT C. CHAMBERS, CHIEF JUDGE